is charged with one count of conspiracy to distribute 10 kilograms of cocaine. Video recordings show defendants two co-conspirators, Tommy Mendoza and David Silva, delivering 10 kilograms of cocaine to a person they believe is a courier who is going to transfer the cocaine to the defendant. The video recordings also show statements from these co-conspirators. They're discussing the scope of their scheme, the fact that they want to transport 10 kilos of cocaine on a weekly basis from Los Angeles to Hawaii, and the fact that they want to transport a quarter million dollars back from Hawaii to Los Angeles on a weekly basis. There are text messages between co-conspirator Tommy Mendoza and a phone number linked to the defendant discussing their scheme, discussing booking flights to go to Hawaii to pick up the drugs, discussing hotel reservations to stay in Hawaii, and discussing the fact that they're just going to pick up and drop off the drugs to the next people in the chain. So, of course, we're not hearing these issues in the first instance. We're reviewing the district court's ruling, which granted Mr. Torres's motion to eliminate, denied the government's, and we generally defer to the district court's ruling. We have a very low or high standard under Hinkson. It has to be illogical, implausible, without support in the record. So on what basis would we say that the district court abused its discretion here? As an initial matter, at the hearing on the motion to eliminate, the district court refused to provide any basis or explanation for excluding all of this evidence, the videos, the text messages, and recordings. Well, he pointed to the papers. He said, I've read your papers. I've read your papers. That's it. That's correct, Your Honor. But the district court made no factual findings that would have been necessary to determine whether, for example, the co-conspirator exception to hearsay applies. He made no balancing test as required under 403. And when there is no 403 balancing test, this court reviews that decision de novo. And so the government's position here is that the district court did indeed abuse its discretion because its decision was completely arbitrary. And it was implausible, given the inferences that can be drawn from the record here in terms of the highly probative evidence that goes to the heart of this case, showing this conspiracy and the defendant's knowledge of that conspiracy. Counsel, I'm troubled by you seem to equate the granting a denial of a motion in limine as a motion, though it's a motion to suppress. In my little neck of the woods when I deal with these issues, people make motions in limine. Oftentimes, they are contextual in nature, and I deny them as a motion. But that does not mean that counsel at trial cannot prove them up or has to lay the foundation. And what I was concerned is you sort of presumed certain things that I don't know that from the record that are wrong. Like an agent can't form a conspiracy with a defendant. That goes back way back in law. And that's what I'm worried about is too many things occur between the agent and the other person before your other co-conspirators either get involved or they're just merely present. So that's what I'm concerned about is why did you take the position that the denial of a motion in limine had the presumptive effect of a motion to suppress? I don't understand that. Can you help me out there? Yes, Your Honor. Thank you, Your Honor. This wasn't explicitly discussed in detail in the papers, but a decision by this court, de Sinces, from 2015 addressed this precise issue, which is an interlocutory appeal by the government under the 18 U.S.C. section 3731. This provides government an opportunity to challenge this type of ruling when it's not necessarily final. Evidentiary rulings pre-trial are never final per se. Yet in de Sinces, the same procedural issue was before the court. It was a motion in limine on 404B and 403 grounds. And this court did indeed consider that on an interlocutory appeal in examining sort of the finality requirements. And I understand that, and I understand the case. But what I'm concerned about is that it leaves counsel to, particularly in criminal cases, to now litigate your entire case based on pleadings that are filed without an evidentiary basis, whereby your opponent can cross-examine the affidavits, your legal opinions, things like that in front of a jury, where you have to lay the foundation. It's up to the jury then to decide whether you've proved your case or not. But you're saying as a matter of law, I should be allowed to use these. And I have a premature issue that I'm a little concerned about. That's just me. So please understand that. And to address that point a little further, the question before the district court was the admissibility of evidence. And in looking at that standard, the question is whether a reasonable juror would find in favor of admissibility under a preponderance standard. The government's position is that the district court abused its discretion to the extent that it concluded that a reasonable juror could not find the conditional facts necessary for the hearsay exceptions, for authentication under Rule 901, which is a very low standard. And so to just summarily exclude literally the bulk of the government's evidence the day before trial was not a meaningful exercise of discretion. It was an arbitrary decision that is not supported by the law or the facts here. And the government has no other remedy to address that error. Well, let's talk about the expert testimony. So there it's a pure balancing issue. Yes. Is it going to be helpful to the jury? It's a matter of judgment. And Mr. Tora's papers say it is not going to be helpful to the jury. This is a very simple transaction. The district court agreed. What would be the basis for saying that was an abuse of discretion? It's just a judgment issue. Based on law from this circuit, and in particular I would direct the court's attention to Sepulveda Barasa as well as Valencia Amescua, those two cases are cases that address expert opinion testimony on the fact that a drug trafficking organization is not likely to use an unknowing. We affirmed the district court in those cases and said it wasn't an abuse of discretion to allow in the expert testimony. But now the shoe's on the other foot, and you're asking us to say it was an abuse of discretion to exclude it. Do you have any case on point for that principle? Not for the reverse procedural position that we're in now. But here the defense papers did not identify any unfair prejudice to the defendant as to this evidence. The only reason set forth is that it's simply unnecessary because the media and other places, jurors know how drug transactions work. And precisely for that reason, because the jurors might come in with preconceived notions that are incorrect based on movies and TV shows, the government plans to set forth some expert testimony that has been affirmed by this court to explain very basic things like the street value of the cocaine in this case, the number of doses that that cocaine would equate to, and the fact that a sophisticated drug trafficking organization would not use an unknowing courier, which does seem to be the central defense at trial is that he was just along on this trip in the wrong place at the wrong time and had absolutely no idea about a conspiracy. And having an expert explain how drug trafficking organizations, their modus operandi, that has been accepted expert testimony to explain how a combination of seemingly innocuous facts together actually indicate criminal activity. Here, for example, the fact that the travel pattern, the fact that they bought a plane ticket the day before they flew, the fact that the plane ticket was just for a one-day turnaround trip, the fact that the defendant misspelled slightly his name when traveling. Counsel? I'm sorry. Go ahead. No, I said what you're suggesting there is your final argument. And all that is done without the benefit of an expert. And so that's my question. Isn't the denomination of using an expert within the discretion of the district court? It's not. You don't need them in every case because what you're suggesting based on the other cases, it's sort of a strict liability standard. If it's a drug case, I must be allowed to use these experts. And I don't think that's the case. That's not. That's certainly not the government's position. It wouldn't just automatically be admissible in every drug case. But where the central defense is a lack of knowledge, then in the 403 balancing test, the expert testimony itself becomes very probative to refute the lack of knowledge defense. I guess my question was going to be somewhat similar to my two colleagues. I naturally think that an abuse of discretion is a pretty, if you will, deferential standard. And I didn't see anything in the other cases where they were suggesting that I could use those as absolute law against the judge using his discretion in this way, especially for experts, and especially for what you were suggesting about experts. I guess I'm trying to figure out why and what case I'm going to use to say the district court abused its discretion. And we're here. I don't like the fact we're here on interlocutory appeal, but I couldn't get around it. So I guess the problem that I'm having, again, looking at the standard of abuse of discretion, how one could really say in an expert setting that this is an abuse. And, Your Honor, I see that I'm out of time. If I may just briefly address that last question. I'll ask Judge Okuda. Yes, please. Respond to the question. On an abuse of discretion standard, here, again, the judge refused to explain any reason for the ruling and did not engage in any type of balancing test on a 403 type of analysis. And so then at that point, the review is de novo, and this was the same case. You're talking about de novo as to the 403 analysis. Correct. Not as to the initial analysis. That's correct, because there was a lack of balancing here. A de novo. Because if I use 404B or I use 608 or I use 609, I'm not sure that that would be something I'd have to do a de novo review on. The de novo review would apply to the 403 balancing test. Thank the government for its argument in the case of United States v. Esmael Torres.
judges: Ikuta, N.R. Smith, McNamee